IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| INNOVATIVE WIRELESS SOLUTIONS, LLC | ) ) ) | |
| *Plaintiff*, | ) ) | |
| v. | ) ) | C.A. No. 13-cv-01867-RGA |
| UBIQUITI NETWORKS, INC. | ) ) ) | **JURY TRIAL DEMANDED** |
| *Defendant*. | ) ) | |

## DEFENDANT'S ANSWER

Defendant Ubiquiti Networks, Inc. ("Ubiquiti"), by and through its undersigned counsel, hereby submits its Answer and Affirmative Defenses ("Answer") in response to the Complaint of Plaintiff Innovative Wireless Solutions, LLC.  Except to the extent expressly admitted herein, Ubiquiti denies each and every allegation of the Complaint.  The numbered paragraphs in this Answer correspond to the numbered paragraphs of the Complaint, and headings from the Complaint are included for convenience.  Ubiquiti files this pleading in good faith to respond to the Complaint to the best of its ability.  Discovery has not begun in this matter, and Ubiquiti has not had an opportunity to adequately investigate the allegations brought by Plaintiff.  Thus, Ubiquiti reserves the right to amend or supplement this Answer to include additional defenses and/or counterclaims that are discovered during the course of this lawsuit.  Ubiquiti in no way waives any defense or argument asserted pursuant to, among others, Rule 11, any other defense asserted herein, or any other argument or defense it may have at law or in equity.

## NATURE OF THE ACTION

1. Admitted.

## PARTIES

2. Ubiquiti lacks sufficient knowledge and information on which to form an admission or denial regarding the allegations in Paragraph 2, and therefore denies those allegations.

3. Admitted.

## JURISDICTION AND VENUE

4. Admitted

5. Ubiquiti admits that it is subject to personal jurisdiction in this Court.  Ubiquiti denies that it has committed patent infringement in this District or anywhere.

6. Ubiquiti admits that venue is proper in this District, but denies that venue is convenient in this District.

## THE PATENTS-IN-SUIT

7. Ubiquiti incorporates its responses to paragraphs 1 through 6 by reference.

8. Ubiquiti admits that that the '895 Patent on its face is titled "INFORMATION NETWORK ACCESS APPARATUS AND METHODS FOR COMMUNICATING INFORMATION PACKETS VIA TELEPHONE LINES," and that its stated issue date is June 15, 1999.  Ubiquiti denies that the '895 Patent was duly and legally issued.

9. Ubiquiti admits that the '264 Patent on its face is titled "INFORMATION NETWORK ACCESS APPARATUS AND METHODS FOR COMMUNICATING INFORMATION PACKETS VIA TELEPHONE LINES," and that its stated issue date is December 4, 2001.  Ubiquiti denies that the '264 Patent was duly and legally issued.

10. Ubiquiti admits that the '473 Patent on its face is titled "INFORMATION NETWORK ACCESS APPARATUS AND METHODS FOR COMMUNICATING INFORMATION PACKETS VIA TELEPHONE LINES," and that its stated issue date is July 1, 2003.  Ubiquiti denies that the '473 Patent was duly and legally issued.

11. Ubiquiti lacks sufficient knowledge and information on which to form an admission or denial regarding the allegations in Paragraph 11, and therefore denies those allegations.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. '895

12. Ubiquiti incorporates its responses to paragraphs 1 through 11 by reference.

13. Ubiquiti admits that it received a letter from counsel for IWS dated October 18, 2013. Ubiquiti admits that the letter asserts that Ubiquiti was infringing the '895 patent, but denies that it was infringing or is currently infringing the '895 patent. Ubiquiti denies that the October 18, 2013 letter describes wireless access points and/or routers capable of connecting to an Ethernet network and an IEEE 802.11 wireless network as "'895 Patent Accused Products." To the extent not expressly admitted, Ubiquiti denies the allegations of paragraph 13.

14. Ubiquiti admits that the October 18, 2013 letter asserts that the stated combination of features in the "Accused Instrumentalities" infringes at least claim 48 of the '895 Patent. Ubiquiti denies that it infringes any claim of the '895 Patent. To the extent not expressly admitted, Ubiquiti denies the allegations of paragraph 14.

15. Ubiquiti admits that the October 18, 2013 letter Ubiquiti received from IWS asserts inducing infringement, but denies that such assertion is for the '895 Patent. Ubiquiti denies that it has or is inducing infringement of the '895 Patent. Except as expressly admitted, Ubiquiti denies the allegations of paragraph 15.

16. Ubiquiti admits that the October 18, 2013 letter Ubiquiti received from IWS asserts inducing infringement, but denies that such assertion is for the '895 Patent. Ubiquiti denies that it has or is inducing infringement of the '895 Patent. Except as expressly admitted, Ubiquiti denies the allegations of paragraph 16.

17. Ubiquiti admits that it has had actual knowledge of the '895 Patent since its receipt of the October 18, 2013 letter.  Ubiquiti denies that it has ever infringed the '895 Patent.
18. Denied.
19. Denied.
20. Denied.
21. Denied.
22. Denied.

## COUNT II - INFRINGEMENT OF THE '264 PATENT

23. Ubiquiti incorporates its responses to paragraphs 1 through 22 by reference.
24. Ubiquiti admits that it received a letter from counsel for IWS dated October 18, 2013.  Ubiquiti admits that the letter asserts that Ubiquiti was infringing the '264 patent, but denies that it was infringing or is currently infringing the '264 patent.  Ubiquiti denies that the October 18, 2013 letter describes wireless access points and/or routers capable of connecting to an Ethernet network and an IEEE 802.11 wireless network as "'264 Patent Accused Products."  To the extent not expressly admitted, Ubiquiti denies the allegations of paragraph 24.
25. Ubiquiti admits that the October 18, 2013 letter asserts that the stated combination of features in the "Accused Instrumentalities" infringes at least claim 5 of the '264 Patent.  Ubiquiti denies that it infringes any claim of the '264 Patent.  To the extent not expressly admitted, Ubiquiti denies the allegations of paragraph 25.
26. Ubiquiti admits that the October 18, 2013 letter Ubiquiti received from IWS asserts inducing infringement, but denies that such assertion is for the '264 Patent.  Ubiquiti denies that it has or is inducing infringement of the '264 Patent.  Except as expressly admitted, Ubiquiti denies the allegations of paragraph 26.

27. Ubiquiti admits that it has had actual knowledge of the '264 Patent since its receipt of the October 18, 2013 letter. Ubiquiti denies that it has ever infringed the '264 Patent.
28. Denied.
29. Denied.
30. Denied.
31. Denied.

### COUNT III - INFRINGEMENT OF THE '473 PATENT

32. Ubiquiti incorporates its responses to paragraphs 1 through 31 by reference.
33. Ubiquiti admits that it received a letter from counsel for IWS dated October 18, 2013. Ubiquiti admits that the letter asserts that Ubiquiti was infringing the '473 patent, but denies that it was infringing or is currently infringing the '473 patent. Ubiquiti denies that the October 18, 2013 letter describes wireless access points and/or routers capable of connecting to an Ethernet network and an IEEE 802.11 wireless network as "'473 Patent Accused Products." To the extent not expressly admitted, Ubiquiti denies the allegations of paragraph 13.
34. Ubiquiti admits that the October 18, 2013 letter asserts that the stated combination of features in the "Accused Instrumentalities" infringes at least claim 40 of the '473 Patent. Ubiquiti denies that it infringes any claim of the '473 Patent. To the extent not expressly admitted, Ubiquiti denies the allegations of paragraph 34.
35. Ubiquiti admits that the October 18, 2013 letter Ubiquiti received from IWS asserts inducing infringement, but denies that such assertion is for the '473 Patent. Ubiquiti denies that it has or is inducing infringement of the '473 Patent. Except as expressly admitted, Ubiquiti denies the allegations of paragraph 35.

36. Ubiquiti admits that the October 18, 2013 letter Ubiquiti received from IWS asserts contributory infringement, but denies that such assertion is for the '473 Patent. Ubiquiti denies that it has or is inducing infringement of the '473 Patent. Except as expressly admitted, Ubiquiti denies the allegations of paragraph 36.

37. Ubiquiti admits that it has had actual knowledge of the '473 Patent since its receipt of the October 18, 2013 letter. Ubiquiti denies that it has ever infringed the '473 Patent.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

### PRAYER FOR RELIEF

Plaintiff is not entitled to any of the relief sought in the Prayer for Relief of the Complaint.

### JURY DEMAND

Ubiquiti acknowledges and joins Plaintiff's demands a trial by jury on all issues so triable.

### AFFIRMATIVE DEFENSES

Ubiquiti incorporates herein by reference the admissions, allegations, and denials contained in its Answer above as if fully set forth herein. Without assuming any burden that it would not otherwise bear and without reducing the Plaintiff's burden on any of the claims in the Complaint, Ubiquiti states the following affirmative defenses to the claims in the Complaint. Ubiquiti reserves the right to amend its affirmative defenses and to add additional affirmative defenses, including, but not limited to, any defenses revealed during discovery.

**FIRST AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

Ubiquiti has not directly or indirectly infringed and is not directly or indirectly infringing the '895, '264, or '473 Patents, either literally or under the doctrine of equivalents.

**THIRD AFFIRMATIVE DEFENSE**

The '895, '264, or '473 Patents and all of their claims are invalid for failing to satisfy one or more requirements of the patent laws of the United States, including 35 U.S.C. §§ 101, 102, 112.

**FOURTH AFFIRMATIVE DEFENSE**

Based on the amendments and representations made during prosecution of the patent applications that ultimately issued as the '895, '264, or '473 Patents, Plaintiff's claims against Ubiquiti are barred, in whole or in part, by the doctrines of prosecution history disclaimer and/or prosecution history estoppel.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff may not recover money damages for any alleged infringement committed more than six years prior to filing Plaintiff's Complaint (35 U.S.C. § 286), and, to the extent Plaintiff failed to comply with the notice provisions of 35 U.S.C. § 287, Plaintiff may not recover damages.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff is not entitled to injunctive relief because any alleged injury to Plaintiff is not immediate or irreparable and Plaintiff has an adequate remedy at law.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's remedies are limited under 35 U.S.C. § 288.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the doctrines of laches, waiver, and/or equitable estoppel.

**RESERVATION OF DEFENSES**

Ubiquiti reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law or in equity, which may now exist or in the future may be available based on discovery and further factual investigation in this case.

Dated: January 24, 2014

/s/ Kenneth L. Dorsney
Kenneth L. Dorsney (I.D. No. 3726)
MORRIS JAMES LLP
300 Delaware Avenue, Ste. 1500
Wilmington, Delaware 19801
(302) 888-6800
kdorsney@morrisjames.com

*Attorneys for Ubiquiti Networks, Inc.*

Karen I. Boyd (*pro hac vice* to be filed)
TURNER BOYD LLP
702 Marshall St., Suite 640
Redwood City, CA 94063
Telephone: (650) 521-5930
Facsimile: (650) 521-5931
boyd@turnerboyd.com